IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK ALLEN JORDAN, # 273663 | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:14-CV-1114-WKW |
| | )         (WO) |
| CAPTAIN COPELAND, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

On October 27, 2014, Plaintiff Mark Allen Jordan, an inmate held by the Alabama Department of Corrections at Staton Correctional Facility, filed a complaint against Defendants Captain Copeland, Lieutenant Tate, and Lieutenant Burk, alleging that they failed to protect him from violence and deprivation of property by other inmates in relation to two separate incidents that occurred in September and October, 2014. (Doc. # 1). Defendants have filed a special report and answer. (Doc. # 22.) Plaintiff's response to the special report and answer is due September 10, 2015. (Doc. # 28.)

On August 27, 2015, Plaintiff filed a motion (Doc. # 30), which the court CONSTRUES as a motion for a temporary restraining order and a motion to amend the complaint to add claims against additional defendants in relation to a series of incidents that occurred in August 2015.

Fed. R. Civ. P. 65(b) provides for the issuance of a temporary restraining order "only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and only if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. 65(b)(1). Plaintiff's motion for a temporary restraining order is due to be denied because Plaintiff has not satisfied the requirements of Rule 65(b). The facts alleged in the motion are not sworn or verified under oath. As a substantive matter, Plaintiff has not shown specific facts demonstrating that the requested temporary restraining order enjoining "all D.O.C. officials from any further abuse or harassment of any kind[]" is necessary to prevent immediate and irreparable injury before the other side can be heard. Fed. R. Civ. P. 65(b)(1)(a). Further, Plaintiff has not provided any certification as to why the motion should be granted without first providing the Department of Corrections with notice, an opportunity to respond, or a hearing.

Accordingly, it is ORDERED that the motion for temporary restraining order (Doc. # 30) is DENIED. This matter is referred back to the Magistrate Judge for appropriate proceedings.

DONE this 28th day of August, 2015.

                          /s/ W. Keith Watkins  
                  CHIEF UNITED STATES DISTRICT JUDGE